836 F.2d 1263
 17 Collier Bankr.Cas.2d 1459, 17 Bankr.Ct.Dec. 155,
Bankr. L. Rep. P 72,156
 In re RUTI-SWEETWATER, INC.; Sweetwater; Resort Systems;
Sweetwater Properties; Timeshare Realty, Inc.;
First Western Security; Sweetwater
Park; Sweetwater Condoshare
Exchange, Debtors.
Allan HEINS; Janet Heins; and Hildegard Heins, Appellants,
v.
RUTI-SWEETWATER, INC.; Sweetwater; Resort Systems;
Sweetwater Properties; Timeshare Realty, Inc.;
First Western Security; Sweetwater
Park; Sweetwater Condoshare
Exchange, Appellees.
 No. 85-1390.
 United States Court of Appeals,
Tenth Circuit.
 Jan. 8, 1988.
 
 Richard F. Bojanowski (Peter J. Kuhn with him on the brief), Salt Lake City, Utah, for appellants.
 Jeffrey C. Swinton and Ronald L. Dunn of Woodbury, Bettilyon, Jensen, Kesler & Swinton, Salt Lake City, Utah, Michael Z. Hayes, Mazuran, Verhaaren & Hayes, Salt Lake City, Utah, (on the brief), for appellees.
 Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and BARRETT, Senior Circuit Judge.
 BARRETT, Senior Circuit Judge.
 
 
 1
 Allan Heins, Janet Heins and Hildegard Heins, hereinafter collectively referred to as "Heins" or appellants, seek reversal of an order of the district court affirming a bankruptcy ruling.
 
 
 2
 During the early 1980s, Ruti-Sweetwater and seven related entities, hereinafter referred to as "debtors" or "reorganized debtors," were actively engaged in the business of vacation time sharing. As structured, the debtors provided thousands of customers with time use at various resorts. In late 1983 and early 1984, debtors filed petitions for relief under Chapter 11 of the Bankruptcy Code. Their eight cases were procedurally consolidated for purposes of administration.
 
 
 3
 At the time of their filings, the debtors faced demands from secured and unsecured creditors holding claims of millions of dollars in addition to the obligations owed to thousands of timeshare owners. Following their filings, the debtors prepared a complicated (120 pages) Plan of Reorganization which included treatment of eighty-three separate classes of secured creditors and forty separate classes of time share owners.
 
 
 4
 The Heins are judgment lien creditors of debtors in the amount of $30,000 plus $8,000 in interest. The Heins secured a lien by filing a transcript of their judgment prior to ninety days before debtors' petition date. The Heins' lien attached to a parcel of real estate known as the Ferrell Spencer property. Under the Plan of Reorganization, the Heins were treated as a separate subclass and entitled to vote as a separate subclass. The Plan provided that Heins' lien was to be transferred to unsold timeshare intervals, whereby the Heins would realize a small portion of their claim when each interval was sold. The Plan also provided, however, that the Heins would receive the entire amount of their claim, with interest, within the first forty-eight months following confirmation of the Plan.
 
 
 5
 In accordance with Bankruptcy Rules 3017(c)[1] and 3020(b)(1)[2], the bankruptcy court set May 28, 1984, as the final date for filing written objections to confirmation of the Plan and May 30, 1984, as the final date for voting on the Plan. The Heins did not file written objections to the Plan nor did they exercise their right under 11 U.S.C. Sec. 1126[3] to vote on the Plan. Twenty separate classes of secured claims, including the Heins, failed to vote.
 
 
 6
 The bankruptcy court held confirmation hearings on debtors' Plan on June 1, 2, and 5, 1984. The Heins did not appear at the hearings, either in person or through counsel. On June 5, the bankruptcy court approved the sale of the Ferrell Spencer property, free and clear of all liens, including the Heins' lien. On June 8, 1984, the bankruptcy court entered an order confirming debtors' Plan. During the confirmation hearings, the bankruptcy court ruled that the non-voting creditors were deemed to have accepted the Plan for purposes of 11 U.S.C. Sec. 1129(b)(1)[4]. This ruling was made after none of the creditors at the hearing objected thereto:
 
 
 7
 Mr. Mabey [Counsel for Debtor]: We believe that it is the law that those parties in interest who have failed to vote are deemed, under Section 1129(a)8 to have voted in favor of the plan in order to avoid the requirement of having to affect [sic--effect] a cram-down.
 
 
 8
 The Court: Your statement is they are deemed to have accepted rather than they wouldn't be counted or otherwise it would be the same thing without it?
 
 
 9
 Mr. Mabey: Yes, your Honor. We argue only that they should be deemed to have accepted for purposes of relieving the plan proponent of the cram-down requirements. That is the only avenue which we believe must be perceived at this hearing.
 
 
 10
 * * *
 
 
 11
 * * *
 
 
 12
 The Court: Thank you. It appears that those--there is no challenge to the leval [legal] concept that those non-voted creditors will be deemed to have accepted [sic] for the purpose of cram-down provisions. That will be the Court's ruling on all of the claims that you enumerated, Mr. Mabey.
 
 
 13
 R. Tr. June 8, 1984, Appellees' Brief, Exhibit C.
 
 
 14
 On June 12, 1984, the bankruptcy court held a hearing on the distribution of the proceeds of the June 5, 1984, sale of the Farrell Spencer property, during which the Heins, represented by counsel, appeared for the first time and challenged the Plan. They attacked those provisions of the Plan under which the Heins' secured interest in the Ferrell Spencer property was removed:
 
 
 15
 Mr. Bojanowski (Counsel for Heins): Now, the problem arises, when, as debtor's counsel indicated, that the Heins family would be treated under section 4.28; namely, the secured interest that they would have in this property would be removed by virtue of the confirmed plan which would go into effect on June 19th, '84. However, it is the creditor's position that the sale was consummated prior to the effective date of the plan. An offer was made, an acceptance was received, submitted to the Court for approval. That approval was obtained I believe that was obtained on June 5th, '84, that the effective date of the plan would remove their lien would not take place until June 19th.... [t]he distribution of the funds, therefore, should be based upon the creditor's legal position as a judgment lien creditor not affected by any provisions in a plan. That will not take effect until June 19th....
 
 
 16
 * * *
 
 
 17
 * * *
 
 
 18
 Mr. Mabey (Counsel for Debtors): Your Honor, the argument of the Heins claimants is that even though they did not object to confirmation of a plan which removed their lien, even though the sale under section 363 was an inherent and integral part of that plan, even though the Court, therefore, went ahead and confirmed the plan, nevertheless, they are entitled to ignore the plan and take under the sale under other circumstances. This cannot be a [sic--should be "the"] law. In the first instance, the sale itself is an integral part of the plan of reorganization. In the second instance, section 363(f) under which the sale occurred was carefully designed for a purpose of allowing sales to go forward free and clear of liens and then later determining the value itself of the liens....
 
 
 19
 * * *
 
 
 20
 * * *
 
 
 21
 The Court: I'm going to backtrack a little, Mr. Bojanowski. I don't think I fully comprehended what you were trying to do in your argument. I think I'm going to have to rule that the rights of your client, the Heinses, are governed by the plan notwithstanding the fact that the sale took place, as you argue, on the 5th. If I were to rule in your favor, I would have to say that no creditor whatsoever is going to be bound by the plan if their transaction took place before the effective date of the plan. So I'm going to rule right now that the Heins claimants are treated properly in the plan and governed by the plan.
 
 
 22
 R., Tr. June 12, 1984, pp. 3-8.
 
 
 23
 The Heins appealed the order of the bankruptcy court confirming debtors' Plan of Reorganization. The district court entered its order affirming the ruling of the bankruptcy court confirming the Plan of Reorganization, 57 B.R. 748. The court found/held:
 
 
 24
 Whether a secured creditor accepts a plan of reorganization is important in determining whether the plan must comply with the so-called "cram down" provisions of section 1129(b). If a class of creditors does not accept the plan, and if that class is impaired under the plan (it is undisputed that the Heins are impaired under the Plan), the Bankruptcy court may confirm the plan only if it "does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted the plan." 11 U.S.C. Sec. 1129(b). However, if a class of creditors accepts the plan under section 1129(a)(8), the bankruptcy court may confirm the plan without showing that the plan satisfies the "unfair discrimination" and "fair and equitable" standards of section 1129(b).
 
 
 25
 * * *
 
 
 26
 * * *
 
 
 27
 Accordingly, if any creditor in a class votes, any other creditors in that class who fail to vote are entirely disregarded for the purpose of determining whether the class has accepted or rejected the plan. The presumption under the prior law that non-voting creditors rejected the plan has been removed. Non-voting creditors are deemed neither to have accepted the plan nor rejected it; they are simply bound by the result produced by those who vote. The necessity of deeming a failure to vote as either an acceptance or a rejection of a plan arises only when [as here] no members of a class cast a vote.
 
 
 28
 R., Vol. II at pp. 460-61, 462.
 
 
 29
 The court upheld the bankruptcy court's ruling that a non-voting, non-objecting creditor who is the only member of a class, such as the Heins, is deemed to have accepted the plan for purposes of Sec. 1129(b). On appeal, the Heins contend that the district court erred in affirming the bankruptcy court's ruling that non-voting, non-objecting creditors who are the only members of a class are deemed to have accepted the Plan of Reorganization for purposes of Sec. 1129(a)(8)[5] and Sec. 1129(b).[6]
 
 
 30
 Heins argue that: under Sec. 1129(a)(8), the bankruptcy court shall confirm a plan only if each class has affirmatively or actually accepted the plan or each class is not impaired under the Plan; they did not accept the Plan and their lien was impaired under the plan; Congress has stated that Sec. 1129(b) is "triggered only when an impaired creditor has not accepted the debtor's plan"; and, since they had not voted to accept or reject the Plan, the court erred in finding that their failure to vote constituted an acceptance of the Plan for purposes of Sec. 1129.
 
 
 31
 In response, the debtors argue that the Heins, as non-voting, non-objecting creditors, should be deemed to have accepted the Plan for purposes of Sec. 1129; it is reasonable to presume the acceptance of a plan by parties who do not vote on the plan after receiving the court's approved disclosure statement; and that non-voting, non-objecting creditors who fail to object during the plan confirmation hearings should not be heard to later complain if the plan is not to their liking.
 
 
 32
 We observe at the outset that our review of factual findings by a district court is not de novo; rather, it is guided by the clearly erroneous standard. Thompson v. Rockwell International Corporation, 811 F.2d 1345 (10th Cir.1987). Questions of law, however, such as here, are considered de novo. Allis Chalmers Credit Corp., et al. v. Tri-State Equipment, Inc., 792 F.2d 967 (10th Cir.1986); Vibra-Tech Engineers, Inc. v. United States, 787 F.2d 1416 (10th Cir.1986). Furthermore, mixed questions of fact and law which involve "primarily a consideration of legal principles" are considered de novo. Mullan v. Quickie Aircraft Corporation, 797 F.2d 845, 850 (10th Cir.1986), quoting Allis Chalmers Credit Corp., et al v. Tri-State Equipment, Inc., supra. The question of whether the Heins, as non-voting and non-objecting members of a class, should be deemed to have accepted debtors' Plan of Reorganization for purposes of Sec. 1129 is a mixed question of fact and law to be considered de novo. It is also a case of first impression for this Court.
 
 
 33
 We hold that the district court correctly affirmed the bankruptcy court's ruling that Heins' inaction constituted an acceptance of the Plan. To hold otherwise would be to endorse the proposition that a creditor may sit idly by, not participate in any manner in the formulation and adoption of a plan in reorganization and thereafter, subsequent to the adoption of the plan, raise a challenge to the plan for the first time. Adoption of the Heins' approach would effectively place all reorganization plans at risk in terms of reliance and finality.
 
 
 34
 Adoption of the Heins' approach would relieve creditors from taking an active role in protecting their claims. We agree with the District Court's finding that creditors are obligated to take an active role in protecting their claims:
 
 
 35
 The Code contemplates that concerned creditors will take an active role in protecting their claims. Otherwise, Bankruptcy Rule 3017, which provides for fixing a deadline for filing rejections of a plan, and Bankruptcy Rule 3020(b), which provides for fixing a deadline for filing objections to confirmation, would have no substance. See In re Record Club of America, 38 B.R. 691, 696 (M.D.Penn.1983). Moreover, if non-voting, non-objecting creditors are not deemed to have accepted the plan, the debtor would be placed in the unique position of anticipating these creditors' objections to the plan and presenting evidence and arguments to refute those hypothetical objections in the confirmation hearing.
 
 
 36
 R., Vol. II at pp. 462-63.
 
 
 37
 The ruling that the Heins' inaction constituted an acceptance of debtors' Plan of Reorganization for purposes of Sec. 1129(b)(1) is also supported by general provisions in the Bankruptcy Act.
 
 
 38
 Although actual acceptance of a plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation of a plan under Sec. 1129(a)(10), Hanson v. First Bank of South Dakota, N.A., 828 F.2d 1310, 1313 (8th Cir.1987), not every creditor is obligated to vote on a plan. Nothing in the Bankruptcy Act requires that each creditor votes on a plan prior to its confirmation; rather, Sec. 1126(a) provides only that a creditor "may accept or reject a plan." Furthermore, whereas the former Bankruptcy Act (see H.R.Rep. No. 95-595, 95th Cong. 1st Sess. 410 (1977)) provided that a failure to vote was considered a rejection of the plan, the present Bankruptcy Act does not indicate whether a failure to vote, such as here, is deemed to be an acceptance or rejection of the plan. The present Bankruptcy Act has, however, retained various other presumptions supportive of the bankruptcy court's ruling.
 
 
 39
 For purposes of acceptance of a plan, Sec. 1126(f) provides that a class that is not impaired under the plan is "conclusively presumed" to have accepted the plan. Section 1126(g) provides that "a class is deemed not to have accepted a plan" if the plan does not entitle the members of the class to receive or retain any property based on their claims or interests. Similar "presumptions" also exist under Sec. 1129, Confirmation of Plan.
 
 
 40
 Section 1129(a)(10) provides for confirmation where "one class of claims that is impaired under the plan has accepted the plan." Under this section, only one class of impaired claims need vote for acceptance of the plan for purposes of confirmation under Sec. 1129(a) and Sec. 1129(b). Once a class of impaired claims has accepted a plan, a plan may be "crammed down" over the objections of every other class of creditors pursuant to Sec. 1129(b). See In Re Powell Brothers Ice Company, 37 B.R. 104, 10 CBC 2nd 328, 331 (D.Kan.1984). Furthermore, a plan may be confirmed even if no secured creditors accept a plan if the provisions of Secs. 1129(a)(10) and 1129(b) are met. Id. As such, under the present Bankruptcy Act, a plan is not only "presumed" confirmable, but is confirmable under Sec. 1129(a) or 1129(b) where only one class of impaired claims has accepted the plan and the other elements of Sec. 1129(a) or Sec. 1129(b) are met.
 
 
 41
 The Heins were one of eighty-three separate classes of secured creditors and one of twenty separate classes of secured creditors who opted not to vote during the confirmation hearings. None of the secured creditors who appeared at the June 8, 1984, confirmation hearings voiced an objection to the bankruptcy court's finding that the "non-voted creditors will be deemed to have accepted [the plan] for the purpose of the cram down provisions." Since the Heins did not object to the Plan at any time prior to its confirmation and because the Heins unilaterally opted not to vote on the confirmation of the Plan, the bankruptcy court did not err in presuming their acceptance of the Plan for purposes of Sec. 1129(b).
 
 
 42
 Once acceptance was properly presumed, the court was not obligated to inquire as to whether the Plan discriminated unfairly or was not fair and equitable to the Heins under Sec. 1129(b)(1). When the Heins failed to object to the Plan, they waived their right to challenge the Plan or to assert, after the fact, that the Plan discriminated unfairly and was not fair and equitable.
 
 
 43
 AFFIRMED.
 
 
 
 [1]
 Rule 3017(c) provides in part: "The court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for hearing on the confirmation."
 
 
 [2]
 Rule 3020(b)(1) provides in part: "Objections to confirmation of the plan shall be filed with the court and served on the debtor--and on any other entity designated by the court within a time fixed by the court."
 
 
 [3]
 Sec. 1126 provides in part: "The holder of a claim or interest ... may accept or reject a plan."
 
 
 [4]
 All United States Code citations hereinafter will be to 11 U.S.C. unless otherwise indicated
 
 
 [5]
 Sec. 1129(a)(8) provides:
 With respect to each class of claims or interests--
 (A) such class has accepted the plan; or
 (B) such class is not impaired under the plan.
 
 
 [6]
 Sec. 1129(b)(1) provides in part:
 Notwithstanding section 510(a) of this title if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.