5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Geraldine Norma JACKSON, Plaintiff-Appellant,
v.
Jesse BROWN, in his official capacity as Secretary of
Veterans Affairs, Defendant-Appellee.
 No. 92-1159.
 United States Court of Appeals, Tenth Circuit.
 Sept. 2, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and CAUTHRON,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff-appellant Geraldine Norma Jackson appeals from a judgment entered for defendant-appellee Jesse Brown after trial to the court. The court dismissed plaintiff's action under Title VII of the Civil Rights Act of 1964, 42 U.S.C.2000e-2(a)(1) and 3(a). Plaintiff argues that the district court did not apply the correct legal standard in analyzing her claims, and that its findings are clearly erroneous and inadequate for review. We exercise jurisdiction pursuant to 28 U.S.C. 1291, and affirm.
 
 
 4
 The following facts are undisputed. Plaintiff, a black female, began her employment with defendant as a licensed practical nurse in 1959. She received several quality increases for job performance and superior performance awards. She furthered her education while employed, receiving a B.A., B.S., and M.A. Defendant promoted her to the position of associate grade registered nurse in 1981, and full grade R.N. in 1983.
 
 
 5
 In 1984, after she did not receive a promotion, plaintiff filed a discrimination complaint. Soon after the investigation commenced, Jane Sheldon, defendant's Chief of Nursing Service, revoked plaintiff's drug dispensing privileges and reassigned her to the day shift because of medication errors plaintiff committed.
 
 
 6
 Plaintiff was admonished on January 23, 1987, for failing to report back after returning from a meeting with an attorney. That same day plaintiff also received a reprimand from Sheldon for directing an occupational therapist to change a patient's IV bag.
 
 
 7
 In January 1987, plaintiff was assigned to the psychiatric unit. Sandra Chavez, plaintiff's supervisor, gave plaintiff significantly lower ratings on her annual proficiency reports than plaintiff had previously received. In August 1987, plaintiff filed a discrimination complaint based on defendant's failure to select her for one of four supervisory positions for which she applied. In November 1987, she was advised that defendant was proposing to discharge her for engaging in outside work activities for pay. Plaintiff resigned before a hearing could be held.
 
 
 8
 Plaintiff brought this action pursuant to Title VII, alleging race discrimination and retaliation. The district court found that plaintiff's problems with her supervisors were not due to retaliation but rather "plaintiff's strong individualism and refusal to admit her mistakes and work cooperatively with those supervisors." Aplt's App. Vol. II at 181. It found no evidence that plaintiff was constructively discharged, or that defendant's enforcement of its moonlighting policy was racially discriminatory. Finally, it found insufficient evidence that defendant's reasons for promoting persons other than plaintiff were pretextual. We review its findings of fact under the clearly erroneous standard of review. Fed.R.Civ.P. 52(a). Questions of law are reviewed de novo. Heins v. Ruti-Sweetwater, Inc. (In re Ruti-Sweetwater, Inc.), 836 F.2d 1263, 1266 (10th Cir.1988).
 
 
 9
 "The 'factual inquiry' in a Title VII case is 'whether the defendant intentionally discriminated against the plaintiff.' " United States Postal Serv. Bd. of Governors v. Aikens, 460 U.S. 711, 715 (1983)(quoting Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981)). In order to answer this inquiry, McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), sets forth a framework for allocating burdens and order of presentation of proof. Under McDonnell Douglas, as recently reaffirmed and refined in St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742 (1993), the plaintiff has the initial burden of establishing a prima facie case by a preponderance of the evidence. Id. at 2746-47. A prima face case of retaliation is established by proof of protected opposition to Title VII discrimination, adverse action by the employer contemporaneously with or subsequent to the opposition, and a causal connection between the opposition and the adverse action. Burrus v. United Tel. Co. of Kan., Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982). Establishment of a prima facie case creates a presumption that the employer discriminated against the plaintiff, and places upon the employer the burden of producing evidence that the adverse action was taken " 'for a legitimate, nondiscriminatory reason.' " Hicks, 113 S.Ct. at 2747 (quoting Burdine, 450 U.S. at 254). Once the employer meets that burden, the presumption raised by the prima facie case drops out and the plaintiff has the ultimate burden of proving that unlawful discrimination, rather than the proffered reason, was the true reason for the adverse action. Id. at 2747-48.
 
 
 10
 The plaintiff may carry his or her burden " 'either directly by persuading the court that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence.' " Aikens, 460 U.S. at 716 (quoting Burdine, 450 U.S. at 256). Hicks made clear, however, that rejection of the employer's proffered reasons allows, but does not require, the district court to find intentional discrimination. Hicks, 113 S.Ct. at 2749. See also EEOC v. Flasher Co., 986 F.2d 1312, 1321 (10th Cir.1992). The ultimate factual question remains whether the employer intentionally discriminated against the plaintiff, not whether its explanation of its action was believable. Hicks, 113 S.Ct. at 2751.
 
 
 11
 The district court did not explicitly state whether it found plaintiff had established a prima facie case. It did find that Sandra Chavez had no knowledge of plaintiff's prior discrimination complaint until plaintiff filed a complaint against her.[2] To establish a causal connection, a plaintiff must show the person who took the adverse action knew of the protected activity. Williams v. Rice, 983 F.2d 177, 181 (10th Cir.1993). The district court in effect found that plaintiff failed to establish a prima facie case of retaliation with respect to actions Chavez took before she learned of plaintiff's prior complaint.
 
 
 12
 Although the district court made no other findings regarding the establishment of a prima facie case, when a Title VII case has been fully tried, "we need only consider that ultimate question--whether plaintiff proved that the defendant intentionally discriminated against her. The subsidiary steps in the McDonnell Douglas proof scheme become irrelevant." Sorensen v. City of Aurora, 984 F.2d 349, 352 (10th Cir.1993).
 
 
 13
 Plaintiff contends the district court erred by failing to make findings as to whether she established pretext through evidence that adverse action was not taken against other employees who made medication errors or engaged in moonlighting. We agree that pretext may be shown by evidence that employees who engaged in acts of comparable seriousness were not subjected to the same treatment as plaintiff. McDonnell Douglas, 411 U.S. at 804. Although we would have preferred that the district court specifically discuss the comparison evidence, it decided the ultimate factual issue by finding that plaintiff's problems with her supervisors were not due to retaliation. We find no error.
 
 
 14
 The evidence supports a finding that plaintiff was not subjected to adverse treatment because of retaliation. Sheldon conceded that she disciplined less than fifteen nurses over a five-year period for medication errors, although she estimated she had received 250 to 300 reports of such errors. However, she testified that her response to medication errors depended on the seriousness of the error and the nurse's attitude. She revoked plaintiff's medication privileges because plaintiff did not take responsibility for her errors and refused to see that what she did might have an impact on patient safety.
 
 
 15
 While plaintiff presented evidence that defendant took no action against other employees who had outside employment or income, defendant identified two other nurses who received warnings after their first moonlighting offenses; plaintiff was also warned after her first offense. However, this was plaintiff's second offense. Additionally, the director of the medical center could not say whether any of the thirty-two employees identified by plaintiff as having reported outside income did not receive prior approval or acted inappropriately.
 
 
 16
 Even if the differential treatment was not fully explained, a finding of illegal discrimination is not compelled by proof of irrational or accidental disparate treatment. Flasher Co., 986 F.2d at 1321. We conclude that the findings concerning retaliation are not clearly erroneous.
 
 
 17
 Plaintiff argues the district court erroneously rejected her retaliation claim because she did not present direct evidence of a retaliatory animus by supervisors other than Sheldon. Plaintiff was not required to produce direct evidence of discriminatory intent. See Aikens, 460 U.S. at 714 n.3. However, the district court did not impose such a requirement. It merely rejected plaintiff's suggestion that her difficulties with Sandra Chavez were because Chavez was acting under Sheldon's instructions or directions.
 
 
 18
 Plaintiff argues that defendant's reason for promoting Christine Mayrose rather than her--because she had no management experience--was pretextual because Mayrose also has no management experience. This contention has no merit. Defendant stated in plaintiff's exhibit twenty-one that Mayrose had no management experience, but that she was selected because of her superior proficiency reports and performance. The fact that plaintiff had more years of experience, alone, does not necessarily make her more qualified.
 
 
 19
 Plaintiff contends that her poor proficiency report cannot support the decision to promote Debbie Chance rather than her because the report was a result of retaliation by Chavez. The record supports the finding that Chavez's actions were not retaliatory.
 
 
 20
 Sheldon made a statement, "That damn Geri Jackson. When is she ever going to learn that she's not going to get anywhere as long as I'm here." R. Vol. II at 278. Plaintiff argues this is direct evidence of Sheldon's discriminatory intent relevant to her failure to promote claim. While Sheldon's statement shows that she did not wish to see plaintiff get ahead, it does not establish that she was biased for unlawful reasons. It does not compel a finding that defendant's failure to promote plaintiff was due to intentional discrimination. We uphold the finding that defendant did not discriminate or retaliate against plaintiff by promoting Mayrose and Chance rather than her.
 
 
 21
 We do not address plaintiff's challenge, raised for the first time in her reply brief, to the finding that she was not constructively discharged. See Boone v. Carlsbad Bancorporation, Inc., 972 F.2d 1545, 1554 n.6 (10th Cir.1992). Finally, we reject plaintiff's contention that the district court's findings were inadequate for review.
 
 
 22
 Plaintiff's request for oral argument is DENIED. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 **
 The Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Chavez testified that she met with a Mr. Ragsdale on November16, 1987, concerning plaintiff's complaint against her. Ragsdale told her this was not the first complaint plaintiff had filed, but was not more specific