NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted September 22, 2014[*]
Decided September 22, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-3359

| | |
|---|---|
| SIDNEY R. MILLER, *Debtor–Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 12-02566 |
| MARILYN O. MARSHALL, *Trustee–Appellee*. | John J. Tharp, Jr., *Judge*. |

**O R D E R**

Sidney Miller filed successive Chapter 13 bankruptcy petitions in 2010. The first was dismissed because he failed to submit timely bankruptcy schedules. One month later he filed the second petition, which the bankruptcy court again dismissed with the explanation that Miller had missed the deadline for filing required schedules. *See* 11 U.S.C. § 521(a)(1). But the district court overturned that dismissal, reasoning that

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

the bankruptcy judge had led Miller to believe that he would have more time to file those documents. Once the case was reinstated, Miller filed what he characterized as a Chapter 13 plan that would supersede a plan he proposed before the dismissal. That earlier plan had provided for 36 monthly payments of $1,500 on liabilities exceeding $80,000. Yet in the revised version, which Miller filed in August 2011, he committed to making just three monthly payments of $200. In the future, Miller promised, he would file a "comprehensive" plan, but he gave no details or time line. He paid the trustee $600 in September, but after that Miller never made another payment, and neither did he ever submit his "comprehensive" plan.

The bankruptcy court never confirmed either the original or revised plan, and in January 2012 the trustee moved to dismiss under 11 U.S.C. § 1307(c), arguing that Miller had not proposed a feasible payment plan. The trustee explained that Miller's revised "plan"—his August 2011 submission—in fact was contingent on persuading the state or federal courts to rescind a tax deed and allow Miller to avoid repaying the buyer of delinquent property taxes on real estate he owned. *See Miller v. Atlantic Municipal Corp.*, No. 11cv4316 (N.D. Ill. July 11, 2011), *appeal dismissed*, No. 11-3151 (7th Cir. May 15, 2012). The trustee also explained that Miller had not made (or even proposed making) another payment after the $600 in September 2011, and had given inconsistent reports about his income. For example, Miller had told the bankruptcy court that he earned $4,500 monthly, but he claimed to have no income when he applied to this court to proceed in forma pauperis in the *Atlantic Municipal* lawsuit. What's more, at a meeting of creditors Miller had announced his intention to earn money from freelance engineering yet conceded that he last worked as an engineer in 1983. The bankruptcy judge granted the trustee's motion.

Miller timely appealed to the district court and filed a statement of the issues on appeal. *See* FED. R. BANKR. P. 8006. Months later he amended that statement to include unrelated "issues," including whether he could sue the trustee for breach of fiduciary duty. None of these additional issues had anything to do with the bankruptcy court's dismissal of his Chapter 13 petition, and the district court did not address them in upholding the dismissal.

Miller appeals the district court's decision. He insists that he made payments according to his Chapter 13 "plan," i.e., his August 2011 submission. He also contends that the bankruptcy judge should have allowed him to submit a brief in opposition to the trustee's motion to dismiss. We review the bankruptcy court's dismissal for abuse of discretion and the court's findings of fact for clear error. *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010); *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002).

When the trustee moved to dismiss the bankruptcy case, Miller was entitled to "reasonable notice and opportunity for hearing," but the bankruptcy judge was not obligated to wait for a written response before ruling. *See* FED. R. BANKR. P. 9014(a) (providing that opponent of contested motion is not required to respond "unless the court directs otherwise"); *In re Mansaray-Ruffin*, 530 F.3d 230, 237 (3d Cir. 2008). Miller knew about the trustee's motion a week before the judge conducted a hearing, yet he had not asked for more time to respond, and during the hearing he explained his objections to the motion.

Miller does not dispute that he paid just $600 of the more than $80,000 he owed creditors. Nor does he dispute that after making that payment he never proposed to make another, or that he gave contradictory descriptions of his employment and income. Miller failed to show that he could make sufficient payments for a feasible Chapter 13 plan, *see Howard v. Lexington Invs., Inc.*, 284 F.3d 320, 323 (1st Cir. 2002); *In re Danny Thomas Props. II Ltd. P'ship*, 241 F.3d 959, 963 (8th Cir. 2001), and he never even submitted an actual plan that might satisfy the requirements for confirmation. *See* 11 U.S.C. § 1325 (defining requirements of Chapter 13 plan to include that debtor proposes plan in good faith and is able to make all payments, that secured creditors accept plan, and that unsecured creditors are paid at least the amount they would receive if the estate is liquidated); *see Mort Ranta v. Gorman*, 721 F.3d 241, 250–53 (4th Cir. 2013) (explaining that Chapter 13 relief is unavailable unless debtor proposes "debt adjustment plan that meets all the requirements for confirmation"); *In re Jones*, 530 F.3d 1284, 1289–91 (10th Cir. 2008) (same). Thus the bankruptcy judge acted within her discretion in dismissing Miller's petition.

AFFIRMED.